E-FILED
Tuesday, 21 January, 2014 02:32:04 PM
Clerk, U.S. District Court, ILCD

FILED

JAN 21 2014

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

1   Craig Isam Riddle

2   30-A, Colonial Drive 8-12,-25\9-25-13/10-1/11-4/**11-13/11-21** vers.

3   Clinton, Illinois 61727

4   Telephone: 217.454.8455

5   Plaintiff *in pro se*

6

7               **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF ILLINOIS – URBANA** *Springfield I¹*

9   CRAIG ISAM RIDDLE                    ) PLAINTIFF'S COMPLAINT FOR:

10                      (PLAINTIFF)      ) 1. WRONGFUL FORECLOSURE;

11              VS.                       ) 2. DECLARATORY RELIEF;

12  DEUTSCHE BANK NATIONAL TRUST         ) 3. INFLICTION OF EMOTIONAL

13  COMPANY AS TRUSTEE FOR FREMONT       )     DISTRESS;

14  HOME LOAN TRUST 2005-2, ASSET        ) 4. PROFESSIONAL NEGLIGENCE

15  BACKED-CERTIFICATES SERIES 2005-2, a )    CAUSING LOSS OF SINGLE FAMILY

16  Trust and buyer of subject real property and a )   HOME;

17  co-conspirator under RICO statutes;  ) 5. CONSPIRACY TO COMMIT

18  AMICUS LEGAL SERVICES aka AMICUS     )   UNLAWFUL FORECLOSURE;

19  PROFESSIONAL LEGAL SERVICES, an      ) 6. VIOLATION OF 42 U.S.C. S.1983

20  entity, form unknown;                )

21  RICK HAWN, an individual;            )

22  CIRCUIT COURT FOR THE 6TH JUDICIAL   )

23  DISTRICT DEWITT COUNTY-CLINTON       )

24  ILLINOIS, a branch of the judiciary of the ) *Case no. 14-3019*

25  State of Illinois acting illegally;  )

26  PIERCE & ASSOCIATES, a law firm, form )

27  unknown and co-conspirator and acting under )

28  RICO statutes;                       )

29  LYDIA SIU, an attorney and member of Pierce )

30  & Associates, agent for firm;        )

31  FREMONT INVESTMENT & LOAN, a         )

32  California Corporation;              )

33  LOREE A. BERGER, clerk of the Circuit Court )

1

| | |
|---|---|
| 1 | of the 6th Judicial District, an individual and as ) |
| 2 | an agent of the court acting illegally; ) |
| 3 | JUDGE GARY W. BRYAN aka JUDGE DOE ) |
| 4 | aka THE PRESIDING JUDGE OF THE ) |
| 5 | CIRCUIT COURT FOR THE 6TH JUDICIAL ) |
| 6 | CIRCUIT DEWILL COUNTY-CLINTON ) |
| 7 | ILLINOIS, a judicial officer acting illegally ) |
| 8 | under laws of the state of Illinois and ) |
| 9 | co-conspirator under RICO statutes; ) |
| 10 | LITTON LOAN SERVICING, as an attorney in ) |
| 11 | fact, as loan servicer aka trustee; ) |
| 12 | GREG CZALCKI, an individual and attorney for) |
| 13 | defendant law firm of Pierce & Associates; ) |
| 14 | JUDICIAL SALES CORPORATION, a ) |
| 15 | corporation and agent of entity of Deutsche Bank) |
| 16 | National Trust Company; ) |
| 17 | JENNINGS & LINDSAY, a professional law ) |
| 18 | corporation; and ) |
| 19 | ALL PERSONS UNKNOWN, CLAIMING ) |
| 20 | ANY LEGAL OR EQUITABLE RIGHT, ) |
| 21 | TITLE, ESTATE, LIEN OR INTEREST IN ) |
| 22 | THE PROPERTY DESCRIBED IN THE ) |
| 23 | COMPLAINT ADVERSE TO PLAINTIFF'S ) |
| 24 | TITLE THERETO; AND ) |
| 25 | DOES 1-100, INCLUSIVE. ) |
| 26 | (DEFENDANTS) ) |
| 27 | |
| 28 | TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD |
| 29 | HEREIN: |
| 30 | Plaintiff, Craig Isam Riddle, hereby alleges as follows: |
| 31 | |
| 32 | **INTRODUCTION** |
| 33 | Plaintiff brings this action in large part under state and federal laws governing the right |
| 34 | of a former land owner allegedly subject to a note and deed of trust to challenge the |

1  rights of the purported beneficiary and its trustee to institute and perfect a default based

2  foreclosure against the subject real property.  The core elements of this action sound in

3  wrongful foreclosure and other tort claims along with civil rights violations which led to

4  the loss of plaintiff's home illegally caused by unauthorized means by defendants acting

5  individually and jointly. As well, the evidence will show that no Illinois state court  had

6  jurisdiction over plaintiff or his property as alleged more fully within, but nevertheless,

7  adjudicating a foreclose against plaintiff's residence, yet acted throughout as though it

8  did violating his civil rights amounting to a taking without due process. Moreover,

9  professional negligence affecting this matter is alleged by plaintiff against defendant

10  Deutsche Bank's legal representatives who with actual knowledge of procedural errors

11  nevertheless procured and perfected this unlawful judgment. Damages alleged herein

12  exceed $500,000.

13

14  **JURISDICTION AND VENUE STATUTES**

15  1.  This court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1331 and

16      1334(b), et al. based on Federal Questions and probable Diversity, *inter alia*, 28

17      U.S.C. 1983, et al.

18  2.  Venue is proper pursuant to 28 U.S.C. §1409, jurisdiction exists pursuant to 11

19      U.S.C. § 502, 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C.

20      1367 for pendent state claims.

21

22  **PLAINTIFF HAS STANDING AS FORMER OWNER**

23  **OF REAL PROPERTY**

24  **[Exhibit 1- Grant Deed]**

25  3.  Plaintiff has standing to pursue this action as the real party in interest and past legal

26      owner of the real property defined as **5347 Brush College Road, Clinton, Illinois**

27      **71727**. Plaintiff challenges the current owner's title, *inter alia* obtained by wrongful

28      foreclosure committed by Deutsche Bank and others as pled, *infra*.  Defendant

29      beneficiaries, loan servicers as alleged and each of them who may allege such, may

30      not have standing to defend this action since they may not have ever legally shown

31      to have been owner of the promissory note or rights there under and have no rights

3

1    to act under said note or deed of trust. Other defendants are sued based on good

2    faith belief but for egregious errors in the handling of this matter in a previously

3    filed litigation, plaintiff could not lawfully have lost title and ownership to his

4    single family home. The scope of this misconduct is broad but under the facts as

5    pled, liability legally extends to all named defendants who participated in this loss

6    and harm to plaintiff.

7

8                   **PARTIES**

9   4.  Plaintiff, Craig Isam Riddle, is and at all times mentioned herein was, the owner and

10    purchaser of real property **(hereinafter referred to as "RP")** addressed as state

11    herein above.

12   5.  Defendant Lender financial institution **DEUTSCHE BANK NATIONAL TRUST**

13    **COMPANY AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-2,**

14    **ASSET BACKED-CERTIFICATES SERIES 2005-2**, a Trust and buyer of

15    subject real property and a co-conspirator under RICO statutes, omitting any

16    governmental agencies or branches of government in Illinois, and their apparent

17    defendant *Trustee* **(hereinafter referred as "*DT*")** individually, jointly and

18    severally it is alleged are loan originators, successors in interest, assigners and

19    trustees and are described also as national banks and/or lenders of capital and as

20    federally chartered banks are FDIC-insured and are otherwise insured by mortgage

21    insurance for losses due to foreclosure.  Defendant judicial officers and agents are

22    employed by Illinois state, county or other governmental agencies within the United

23    States and are challenged under this action for damages and equitable relief for

24    wrongs sufficiently egregious to circumscribe ordinary privileges and immunities

25    accorded those in similar positions and expose same to liability for wanton and

26    intentional, deliberate, oppressive behavior justifying said naming as defendants in

27    interest.

28   6.  Each defendant and each of them and Does 1-100, has done and does business

29    within the State of Illinois and within this federal court's district. Loan originator

30    believed to be Fremont Investment and Loan, Inc., as Trustee, et al., and its alleged

1   successor in interest or by its Trustee in some fashion, is being sued in their capacity

2   as the originator or successor apparent of Plaintiff's mortgage loan.

3   7.   Deutsche Bank, its trustee  and the remaining defendants have committed acts, the

4   relief from which is pled entitling plaintiff to substantial economic and non-

5   economic and punitive damages, relief from indebtedness, the quieting of title

6   permanently, the avoidance and rescission of any indebtedness in favor of any

7   defendant herein, a declaration of rights on each controversy raised, the cancellation

8   of all notes and evidences of indebtedness, the restitution of all moneys paid and

9   paid to any other defendants by way of fees, closing costs, interest or other

10   payments, *inter alia* and the restoration good credit and reversal of all negative

11   credit consequence by reason of the corruption visited upon plaintiff by DT and

12   those acting on their behalf, Does 1-100 and all other defendants herein.

13

14   **JURISDICTION - Federal Question – Diversity**

15   8.   Plaintiff alleges that there are *federal questions* in issue under the 5th and 14th

16   Amendments of the U.S. Constitution based on actual taking and divesting of real

17   property rights of plaintiff *without due process* causing the loss of his real property

18   and home.

19

20   **DOE DEFENDANTS AND AGENCY**

21   9.   All unknown Defendants 1 through 100 are corporate entities and/or  individuals

22   that may allege some  legal   interest in   the promissory note, deed of trust,

23   assignments or the real property which is the subject of this proceeding and/or who

24   may be responsible for the acts complained of herein and who may be under

25   respondeat superior theories AGENTS and successors in interest of each other as

26   alleged.

27   10. Collectively the defendants named above will be referred to as Defendants and Does

28   1-100.

29   11. This action arises from a purchase money loan in which Plaintiff alleges that

30   Defendant **DEUTSCHE BANK National Trust Company (hereinafter referred**

as **DB**), was the loan originator. The loan was a contract governed by general contract laws and those governed by the laws of the State of Illinois.

## FACTS COMMON TO ALL CAUSES OF ACTION

[Pled consistent with *FRCP Rule 8* and *Twombly*550 US 544 (2007)]

12. This action is grounded in a real estate loan, purchase and sale to plaintiff occurring on or about July, 2002 involving a single family home addressed herein above.

13. A purported promissory note [contract] and lien, vis., deed of trust or mortgage lien was part of this secured transaction allegedly executed on or about the same time.

14. There was a sale to plaintiff. Plaintiff made payments on a note valued at **$ 198,000.00 (One Hundred Ninety Eight Thousand & 00/100 Dollars)** with monthly payments commencing on or about September of 2002 at the rate of approximately **$1,845 (One Thousand Eight Hundred Forty Five Dollars) per month**, thereafter.

15. Payments were made and continued unabated until about September 2007.

16. Payments then for reasons stated terminated allegedly because due to the economic down turn in plaintiff's business who was the sole proprietor of a transport company.

17. At or about this time, plaintiff was advised by defendant **Litton Loan Servicing** that the true owner of the rights under the Note were unknown. This was disclosed during a conversation by telephone in or about June 2007 in connection with a phone conversation with an agent of Litton believed to be a Maria Rodriguez who claimed to have a *"new and exciting available program to lower the monthly payments which you are guaranteed to qualify for if you just stop paying on your current loan for 90 days. On the fourth month the new rate will kick in and your rate will go down from $1845 to 1205.00. We do this for all of our customers in your area in Dewitt County. Can we go ahead and confirm your address and agreement to these terms, today, Mr. Riddle?"*

18. Plaintiff reasonably relied upon this clearly unconditional offer made and agreed by orally accepting the terms which plaintiff reduced to a memo that was typed out and then sent to Litton under mail cover.

19. Plaintiff then in good faith and reasonable reliance forbore making any payments for 90 days. Upon the payment due for the next successive month, Litton returned his payment and called him telephonically stating, by another agent only known as "Sheila" stating, *"Sir you are in default and your payment is unacceptable. We will have to start foreclosure proceedings."* Thus the groundwork of a real dispute and controversy developed and plaintiff now sues thereon and for other causes occasioned by the loss of his home.

20. Under contract law of this state plaintiff regardless of the existence of a Note, has defenses to performance, vis., tendering *disputed monthly payments* which will be asserted herein.

21. Moreover, plaintiff in asserting his rights was under no obligation to pay legitimately disputed sums until and unless the dispute was resolved to mutual satisfaction. Under state and federal law, the attempt to collect a disputed debt was not permitted without compliance with law including that contained in FDCPA, believed to have been violated.

22. As well, if any foreclosure or security enforcement in Illinois occurs there are strict rules and statutes that are conditions precedent that if not followed militates against foreclosure and support a cause of action for wrongful foreclosure, *inter alia*, including the noticing of defaults that are based on true and correct information.

23. Plaintiff generally alleges that at all times after the loan perfected and he held legal title that he was fully performing under the terms of the note, fully offered to or paid the sums due that were not disputed or was legally excused from performing as alleged herein.

24. In summary, on or about March 2008, defendants Deutsche Bank and others claimed to have the right to foreclose, by equitable ownership under a mortgage or deed of trust associated with the Note evidencing the loan. The fuller details of this are alleged herein after.

25. Illinois is a *strictly judicial foreclosure* state. Deutsche Bank with their attorneys orchestrating the events that followed, authorized and condoned the filing of a foreclosure case in state court in Illinois seeking a judgment after they alleged and/or recorded a notice of default or similar document. This resulted in a judicial

1    foreclosure lawsuit in Illinois state court, to wit, in the Circuit Court for the 6th

2    Judicial Circuit, Dewitt County, Clinton Illinois state court numbered: <u>**2009 CH 13**</u>

3    <u>entitled in short, **Deutsche Bank NTC as Trustee for Fremont Home Loan Trust,**</u>

4    <u>**et al., versus Craig Isam Riddle, et al.**</u>.

5    26. The action was filed on **March 12, 2009** per the copy of the **Minute Order**

6        **(hereinafter referred to as "MO")** and was entitled **"Complaint to Foreclose**

7        **Mortgage... ." [Exhibit 2, if attached]**

8    27. Undisputed evidence will show that the "complaint" was <u>file stamped</u> consistent

9        with the MO.  The same will show the "complaint" was out for service of process

10       with ***Amicus Professional Legal Services*** **(hereinafter referred as "APLS")** and a

11       licensed private detective agency and personally given to  defendant, **Rick Hawn,**

12       **"an employee" of APLS**.  A document marked below as C39 - *Affidavit of Special*

13       *Process Server* signed with wet ink signature apparently by this same Rick Hawn

14       shows a date of service for service of a "***Summons and* Complaint**" being "Served

15       (on) the within defendant " Craig Isam Riddle" on "**3/15/2009** @ 4:30 PM" at 5347

16       Brush College Rd, Clinton IL., 661727[1].  However, the document then shows a

17       check mark adjacent to the words SUBSTITUTE SERVICE... .  The document is

18       attached as **Exhibit 3** and speaks for itself as does the Complaint which was not

19       verified by plaintiff in any capacity and signed by its alleged counsel *Pierce &*

20       *Associates*.

21    28. The gravamen of this suit is not merely that Plaintiff had his home foreclosed upon

22       illegally, egregious as proof of such may turn out, but that the entire state court

23       judicial proceeding was conducted by illegal circumstances including fraud, deceit

24       and misconduct by all persons and entities involved.

25    29. While grandiosely alleged, the facts as presented show that the entire foreclosure

26       case was hatched and perfected to a judgment in state court <u>without proper judicial</u>

27       <u>Summons being issued by the clerk's office and lawfully presented for service as</u>

28       <u>called out under state law.</u>

29    30. Then, without jurisdiction over a party defendant, Plaintiff was subjected to judicial

30       corruption at every turn because the state court's 6th Judicial Circuit never had or

31       could they exercise any <u>jurisdiction</u> over the man or his property accordingly since

1  the process server swore to a service of a *summons* and complaint by substitute

2  service, but the evidence was <u>the Summons was not issued by the court until "March</u>

---

4  Rule 8 requires merely a "short and plain statement of the claim showing that the pleader is

5  entitled to relief." This low and arguably vague threshold was ripe for judicial interpretation and

6  explanation.

8  <u>25, 2009, some 13 days after the complaint was filed and **10 days after** the process</u>

9  <u>server's allegation of service of said Summons was served.</u>

10  31. Moreover, the facts will show that no service ever in fact occurred by any means

11  upon the plaintiff. Never the less, the facts are clear; **no summons could have been**

12  **served** by any means in the date sworn to, no other service is shown to have been

13  effected by any other server or company. Thus, the process server as agent of the

14  plaintiff's counsel committed <u>actionable fraud</u> on the court and the plaintiff. This

15  fraud was never repaired by any attorney's office representing DB, or by the court or

16  its personnel in charge who claimed falsely they had jurisdiction over the plaintiff

17  when in fact, any level of competence would have proved otherwise. This is a

18  violation of the plaintiff's civil rights at the highest level participated in by all

19  defendants without excuse.

20  32. A "default" judgment was successfully entered against the defendants including the

21  plaintiff and was perfected on June 24, 2009.

22  33. The foreclosure sale orders were issued and **the sale** occurred to the Plaintiff by

23  Deutsche Bank, by way of a purported "repossession" on or about October 27, 2009.

24  34. The plaintiff did not discover the sale had transpired until September of 2010 nearly

25  11 months after the sale.

26  35. The plaintiff including that date was never served with a Summons; hence no

27  jurisdiction over the plaintiff was obtained, ever.

28  36. The plaintiff, in or about December 16, 2010,  was forced to hire counsel to try to

29  undo the problem spending thousands of dollars needlessly to fix that which was

30  caused by the initial fraud by the process server then, corruptly permitted by the

31  court, counsel, and banks and their agents, a fraud that the state Circuit Court should

1   have seen, understood and disallowed had they been acting with acumen and in line

2   with the protocol of all practices and procedures of all court employees in this state.

3   37. Moreover, plaintiff alleges that the bench officer presiding over this matter in state

4   court essentially failed to oversee the proceedings, completely missed the lack of

5   proper issuance of the Summons, proper service without the Summons being issued

6   prior to service and default and final judgment and sale occurring. In doing so the

7   court and its bench officer essentially violated the judicial code of ethics and

8   behavior,  appeared to incompetently and without legal right of the court, simply

9   rubber stamped the entire litany of Deutsche Bank's filings resulting in judgment

10  and sale orders being issued. DG's attorneys were participants in this untoward

11  scheme of corruption violating plaintiff's civil rights as well as were the process

12  server and his company under the theory of respondeat superior.

13  38. It was not until on or about September 2010 that plaintiff in this action became

14  aware of this entire scenario of corruption by process servers, attorneys for Deutsche

15  Bank, their trustees, and sales agents, all defendants herein that Plaintiff was able to

16  try to take any judicial action to save his real property.

17  39. The hiring of defendants Jennings & Lindsey that more misconduct developed and

18  been reason of this law firm's professional negligence in failing to take action that

19  which would be standard to obtain relief under a general theories including but not

20  limited to fraud, excusable neglect, mistake, surprise or justifiable error, they

21  proceeded to raise issues in a wholly unprofessional manner that to the average

22  skilled attorney would be completely ineffectual. Their professional negligence was

23  a proximate cause of the loss of the plaintiff's residence co-equally with the fraud

24  and negligence, et al., of Deutsche Bank, the Circuit Court in allowing a default and

25  default judgment to be perfected by extreme and outrageous failures to examine the

26  courts' own file to see no Summons was ever issued prior to service upon Plaintiff

27  here and no jurisdiction over plaintiff ever occurred.

28  40. Plaintiff urges that seminal fraud by Deutsche Bank, its attorneys and process

29  servers is not trumped nor mitigated by the later appearance by defendant at the 11th

30  hour by motions to vacate.  No judgment should have been perfected, but for the

31  acts of all defendants, jointly and severally.

41. At the end of the day, Plaintiff had no justice, and lost his home without any ability to engage in a fair right to appear and be heard as a lawfully served litigant. His civil rights were violated; his home was sold improperly without proof that Deutsche Bank ever owned the property which upon challenge would show they were not the lawful owner of the Note throughout.

42. Thus, but for the joint and several misdeeds and fraud upon plaintiff, this loss would not have been incurred.  In light of the multitude and layers of misconduct, plaintiff now must, in addition to the other named defendants, sue his own attorneys for professional negligence, the process server and his company for fraud, the court and its staff of employees and agents for gross judicial misconduct, et al., which are in total not sufficiently privileged to avoid civil liability.

## OTHER GENERAL ALLEGATIONS

## JURISDICTION AND VENUE STATUTES

43. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1331 and 1334(b), et al. based on Federal Questions and probable Diversity.

44. Venue is proper pursuant to 28 U.S.C. §1409, jurisdiction exists pursuant to 11 U.S.C. § 502, 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims. The acts took place within this court's geographic venue where the real property lays.

## PLAINTIFF HAS STANDING TO SUE AS FORMER OWNER OF REAL

## PROPERTY

[Exhibit 1- Grant Deed]

45. Plaintiff has standing to pursue this action as the real party in interest and past owner of the real property described herein allegedly repossessed by DB. Defendant beneficiaries, loan servicers as alleged and each of them who may allege such, may not have standing to defend this action since they may not be the owner of the promissory note or rights there under and have no rights to act under said note or deed of trust, but are sued in various capacities as those committing wrongful acts sufficient to prove liability.

1   46. Plaintiff is, and at all times mentioned herein was, the owner and purchaser of real

2   property known as **5347 BRUSH COLLEGE ROAD, CLINTON, ILLINOIS**

3   **61727(hereinafter referred to as "RP").**

4

5   **PLEADING SUFFICIENT FACTS UNDER**

6   ***Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007)**

7   47. Plaintiff is mindful of the requirements of **FRCP Rule 8**[1]and seeks to bring

8   sufficient facts to light in compliance with the ruling in *Bell Atl. Corp. v. Twombley*

9   sufficient to overcome any motions under Rule 12(b)(6).

10

11   **FIRST CAUSE OF ACTION**

12   **WRONGFUL FORECLOSURE**

13   (Against the Foreclosing Defendants)

14   48. Plaintiff re-alleges and incorporates the allegations contained in the preceding

15   paragraphs 1 to 47, as though set forth at length herein.

16   49. Plaintiff well pleads [2] and alleges that he was the title owner by grant deed of

17   property the subject of this action obtaining ownership by said deed on JULY, 2002.

18   Plaintiff alleges that defendant Deutsche Bank instigated and commenced a

19   foreclosure lawsuit entitled as cited *supra*, of his home wrongfully and certainly

20   without any judicial due process. Thus there was no jurisdiction over the plaintiff or

21   his property. Thus, there was no showing there existed a factual or legal basis to act

22   under any note or mortgage aka deed of trust securing such rights.

23   50. Further, plaintiff alleges that at the time of the filing of the lawsuit, there was no

24   compliance with Ill. Stats. which protect from foreclosure without following the

25   statutory scheme including the issuance and service of a Notice of Default or similar

26   documents, failure to confirm default status by credible competent accounting of the

27   loan account, failure to engage in or comply with a preexisting loan modification

---

[1] Rule 8 requires merely a "short and plain statement of the claim showing that the pleader is entitled to relief." This low and arguably vague threshold was ripe for judicial interpretation and explanation.
[2] FRCP Rule 8(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

agreement which superseded the original Note, then overcharge illegally on the sums due under the original note and materially breaching that agreement by suing prematurely and without factual support for foreclosure when in fact no default was proven to exist or foreclosure justified.

51. By reason of DB instigation of a foreclosure suit, the use of attorneys, process servers, the Illinois court system, sheriffs and Does 1-100, a wrongful foreclosure occurred.

52. Said wrongful foreclosure resulted in damages both emotionally, physically and economically by the loss of title rights to plaintiff's single family home. Plaintiff alleges his right to obtain general and special damages and punitive damages allowed under the law in sums to be proven at trial estimated to be over $500,000 at the time of the wrongful foreclosure.

53. Plaintiff alleges that DB at the time of the commencement of the preceding state action had never perfected title or ownership of the Note, hence the right to enforce the deed of trust or mortgage that runs with the Note. While this may have been simply assumed without proof of the fact of such right in the default state proceeding, the issue was never raised therein and still ripe for litigation.

54. Moreover, Federal courts in other jurisdictions are in concert with the requirement a beneficiary, here DB, have title ownership to the Note and the Deed of Trust, jointly, to foreclose. [3]

55. DB used other persons and entitiles in affecting this wrongful foreclosure and in doing so conspired with all other defendants and Does 1-100 to intentionally foreclose on the property knowing or with substantial certainty that the right to act was not properly ripe, vested or proven at the time of the filling of the action

---

[3] Castillo v. Skoba, No. 10cv1838 BTM,2010 WL 3986953, at*2 (S.D. Cal. Oct. 8, 2010), the court granted a preliminary injunction in a foreclosure case where it concluded that "Plaintiff is likely to succeed on the merits of his claim that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time of the Notice of Default was entered." There, the court ruled on the record before it that the applicable "[d]ocuments do not support a finding that either Cal-Western was the trustee or Aurora was the beneficiary on May 20, 2010 when the Notice of Default was recorded." Id. See also Robinson v. Countrywide Home Loans. Inc.. 199 Cal. App 4th 42. 46 Fn. 5 (2011) ("a borrower who believes that the foreclosing entity lacks standing to do so" is not "without a remedy. The borrower can seek to enjoin the trustee's sale or to set the sale aside."); Gomes v. Countrywide Home Loans. Inc.. 192 Cal. App. 4th 1149, 1156 (2011) (noting as "significant "the fact that cases cited by plaintiff permitting wrongful foreclosure action "identified a specific factual basis for alleging that **the foreclosure was not initiated by the correct party.** ["plaintiff] has not asserted any factual basis to suspect that [defendant] lacks authority to proceed with the foreclosure.") (emphasis in original).

1   throughout to the perfection of an illegal judgment causing loss of rights, revenue

2   and property.

3   56. This allegation is to lay the foundation for the later plead conspiracy to wrongfully

4   foreclose.

5   **SECOND CAUSE OF ACTION**

6   **DECLARATORY RELIEF**

7   *FRCP Rule 28 USC 2201[4]*

8   (Against DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR

9   FREMONT HOME LOAN TRUST 2005-2, ASSET BACKED-CERTIFICATES

10   SERIES 2005-2 and LITTON LOAN SERVICING)

11   57. Plaintiff repeats all previous allegations as though fully stated against the defendants

12   identified and Does 1-100, inclusively.

13   58. Plaintiff alleges that a case and controversy has developed involving the target

14   defendants and Does 1-100.  The rights, remedies and resolutions that are available

15   are subject to this cause of action under **FRCP Rule 28 USC 2201**, inclusively.

16   Among the core issues are:  Did DB have standing to foreclose? If not, may plaintiff

17   here be restored his property by orders rescinding the sale, and if rescinded, may

18   plaintiff have not determined to be valid thereafter against his interest and if so, may

19   the deed of trust or mortgage be deemed a nullity for want of a verifiable existent

20   Note.

21   59. Plaintiff seeks a declaratory judgment to set to rest forever the resolution of the

22   disputed matters between him and the other defendants and for rulings setting forth

23   the rights, duties and obligations among the parties subject to this cause. The dispute

24   is otherwise contained within the complaint's prior allegations and is not restated

25   here to avoid redundancy.

26

27   **THIRD CAUSE OF ACTION**

28   **INFLICTION OF EMOTIONAL DISTRESS**

---

[4] § 2201(a) In a case of actual controversy within its jurisdiction, ... upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

14

1          (AGAINST ALL DEFENDANTS)

2    60. Plaintiff repeats all previous allegations as though fully stated against the defendants

3        identified and Does 1-100, inclusively.

4    61. Plaintiff alleges that by reason of the act and omissions of the named defendants

5        and each of them and Does 1-100, he was inflicted physically, mentally and

6        emotionally causing him harm and injury in sums to be proven at the time of trial.

7        But for the acts and omissions the emotionally suffering of plaintiff would not have

8        occurred.

9    62. Plaintiff alleges that he is entitled to an award of damages according to proof to

10        compensate him for this wrong from all named defendants according to their

11        contribution to the harm on a pro rata basis or jointly and severally as the Ill. Stats.,

12        may allow.

13

14              **FOURTHCAUSE OF ACTION**

15   **PROFESSIONAL NEGLIGENCE CAUSING LOSS OF SINGLE FAMILY**

16                      **HOME**

17   **(AGAINST LYDIA SIU, GREG CZALCKI, JEFFERY LINDSAY AND DOE**

18         **\*\*\*JENNINGS of JENNINGS & LINDSAY)**

19   63. Plaintiff repeats all previous allegations as though fully stated against the defendants

20        identified and Does 1-100, inclusively.

21   64. Plaintiff alleges that this defendant and law firm **LYDIA SIU, an attorney and**

22        **member of Pierce & Associates, GREG CZALCKI, an individual and attorney**

23        **for defendant law firm of Pierce & Associates** had a fiduciary duty and separately

24        an ethical duty to plaintiff to not take actions in litigation against the ethical rules

25        governing the behavior of attorneys in Illinois and which violate the code provisions

26        requiring a summons be properly issued, then properly served upon a litigant, here

27        the plaintiff. This breach of professional conduct owed to the court and all parties to

28        be honest, forthright and nor present a cause that lacked support in the law or use a

29        procedure not authorized by a law that is approved, affected and harmed the rights

30        of plaintiff.

65. Plaintiff after a default and or default judgment was entered in the state foreclosure action without being properly served with an issued Summons, then hired *post priori* defendants **JEFFERY LINDSAY AND DOE \*\*\*JENNINGS of the firm of JENNINGS& LINDSAY, a professional law corporation as an agent for Plaintiff as attorney of record** (hereinafter referred as "JL".The purpose of this hiring in or about _____, 20_____was to try to legally correct the egregious errors committed in the state action causing a fraudulently entered default judgment against plaintiff.  The clear and unmistakable attorney-client relationship was established, money for retention was paid and JL had duties to take all steps to zealously protect and represent the plaintiff.

66. JL in the course of discharging its duties individually and corporately to plaintiff failed to use care and competence common to the legal profession and thus failed to see, assess, notice, take note of, examine and review the entire court file correctly and in moving the court for relief failed to raise all grounds for relief  from default judgment reasonably possible, as clearly a lawyer acting in the scope of normal and foreseeable representation would have done, by failing to raise the Summons issue [failure to issue and failure to serve an issued Summons properly] as alleged *supra*, causing the judgment not to be reversed. This incompetence directly led to the loss of plaintiff's home by a corruptly procured process an Illinois state court.

67. It is alleged that under either a statutory ethics rule or under a duty known by custom and usage to govern attorneys conduct, defendant attorneys violated such rules of court, Illinois Stats., and rules common in the practice of law involving litigation, rules which defendant attorneys all as officers of the court, separately but equally, and the respective law firms knew of prior to undertaking the representation of DB and plaintiff, respectively.

68. Plaintiff alleges that the acts and omissions of all attorneys as  defendants and their firms legally and factually caused injury, damage and harm to the plaintiff causing him as well, economic loss.  But for this series of negligent actions, plaintiff would not have been damaged and would have not lost his right to present his defenses and counter claims in the lawsuit referenced above or lose title to his home and all the down payment funds and monthly payment advanced to lenders in this regard.

69. Plaintiff seeks damages both economically and non-economically, generally and specially by reason of these wrongful, unethical, oppressive acts of these defendants.

70. Plaintiff shall seek leave to amend to add additional defendants including the State Bar of Illinois who may have available and hold in trust funds to satisfy victim of attorney's misconduct claims he has against his own counsel for legal misconduct harming his interest as the court believes justice would be served thereby.

## FIFTH CAUSE OF ACTION

## CONSPIRACY TO COMMIT UNLAWFUL FORECLOSURE

(AGAINST ALL PARTIES except JENNINGS & LINDSEY, ATTORNEYS FOR PLAINTIFF)[5]

71. Plaintiff repeats all previous allegations as though fully stated against the defendants identified and Does 1-100, inclusively.

72. Plaintiff alleges that all defendants except those excluded participated in a civil conspiracy to wrongfully foreclose on the real property of plaintiff, all participating knowingly and willfully which legally caused this result.

73. In alleging this concept of agency and vicarious liability, plaintiff alleges a concert of wrongful acts by the co-conspirators.

74. Concert of action exists when two or more persons perform wrongful acts pursuant to a common design or one person gives substantial assistance to another knowing that the other's conduct constitutes a breach of legal duty. Civil conspiracy involves two or more persons who combine for the purpose of accomplishing, by their concerted action, either a lawful purpose by unlawful means or an unlawful purpose by lawful means. [6]

---

[5] Civil conspiracy claims were intended to address situations involving (1) an agreement between two or more persons to commit an unlawful or tortious act (or a lawful act by unlawful means); (2) an act committed in furtherance of the agreement; (3) an injury caused by one of the conspirators; and (4) special damages (i.e. quantifiable monetary losses such as lost wages, medical expenses, or property damage).
    See 16 AM. JUR. 2D Conspiracy §§ 50-53 (2009). "While the essence of the crime of conspiracy is the agreement, the essence of civil conspiracy is damages." Id. § 50, at 280 (footnotes omitted).
NORTHERN ILLINOIS UNIVERSITY LAW REVIEW [Vol. 31, p. 36, et al.]
[6] Smith v. Eli Lilly & Co., 137 Ill. 2d 222 (1990); Vance v. Chandler, 231 Ill. App. 3d 747 (1992).

75. Plaintiff alleges that a conspirator needs not participate in all activities of a conspiracy, nor become a member at its inception. It is only necessary that he *knowingly contribute* his efforts in furtherance of it. Plaintiff draws the comparison here to a passenger in a motor vehicle who verbally encourages and assists the driver of that vehicle to drive recklessly can be held liable on a theory of concert of action (civil conspiracy) for the injuries resulting to other passengers injured in an accident caused by the reckless driving. [**Sanke v. Bechina**, 216 Ill. App. 3d 962 (1991).]. Similarly, it has been held that parallel conduct of two or more persons or companies may serve as circumstantial evidence of a civil conspiracy among manufacturers of the same or similar products. [7]

76. Plaintiff alleges that Deutsche Bank as previously alleged and incorporates here, instigated a foreclosure without legal right, power or cause against the real property of plaintiff under unlawful and unsupported criteria in that an entire lawsuit was developed without a Summons being served upon the plaintiff and without jurisdiction over him. In doing so, the instigating entity was DB. Those following the scheme or plan to take back property under the umbrella of a mortgage or equitable lien were those other defendants acting in concert as defined herein.

77. Participating defendants were AMICUS LEGAL SERVICES aka AMICUS PROFESSIONAL LEGAL SERVICES, an entity, form unknown; RICK HAWN, an individual; CIRCUIT COURT FOR THE 6TH JUDICIAL DISTRICT DEWITT COUNTY-CLINTON ILLINOIS, a branch of the judiciary of the State of Illinois acting illegally; PIERCE& ASSOCIATES, a law firm, form unknown and co-conspirator and actor under RICO statutes; LYDIA SIU, an attorney and member of Pierce & Associates, agent for firm; FREMONT INVESTMENT & LOAN, a

---

[7]**McClure v. Owens Corning Fiberglas Corp.**, 188 Ill. 2d 102, 135 (Ill. 1999). The basis of the legal theory of concert of action is found in Section **876 of the Restatement (Second) of Torts** (1979). That section provides that a person can be  legally liable for harm resulting to a third person from the tortious conduct of another if  that person:
> (a) does a tortious act in concert with the other or pursuant to a common design with him;
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself; or
> (c) gives substantial assistance or encouragement to the other in accomplishing a tortious result, and his own conduct, separately considered, constitutes a breach of duty to the third person.

California corporation; LOREE A. BERGER, clerk of the Circuit Court of the 6th Judicial District, an individually and as an agent of the court acting illegally; JUDGE GARY W. BRYAN, aka JUDGE DOE, aka THE PRESIDING JUDGE OF THE CIRCUIT COURT FOR THE 6TH JUDICIAL CIRCUIT DEWILL COUNTY- CLINTON ILLINOIS, a judicial officer acting illegally under laws of the state of Illinois and co-conspirator under RICO statutes; LITTON LOAN SERVICING, as an attorney in fact, as loan servicer aka trustee; GREG CZALCKI, an individual and attorney for defendant law firm of Pierce & Associates; JUDICIAL SALES CORPORATION, a corporation and agent of entity of Deutsche Bank National Trust Company, all acting jointly and severally.

78. DB used a judicial forum as part of the plan the take the property by judicial foreclosure as authorized by Illinois Stats. ALS, was an entity hired by lawyers for [acting as agents of DB] including Lydia Siu and Greg Czalcki, members of the law firm of Pierce & Associates (hereinafter referred as P&A).

79. Defendant Rick Hawn was an employee or contracted with the law form of P&A and followed P&A's directives after receiving said inseminating instructions from DB to foreclose. The defendants Circuit Court for the 6th Judicial District [Court], an employee of the court Loree A. Berger (hereinafter referred as LAB) and defendant Judge Gary W. Bryan, [Judge] acting as facilitating entities with knowledge of the facts showing that the court never had, obtained or possessed jurisdiction over plaintiff or his property for want of any issuance of a Summons until after Summons was falsely claimed to have been served upon Plaintiff by ALS and its agent Hawn. This was clearly apparent to the court who knowing from the clear and convincing proof no Summons could have been served on plaintiff on the date so alleged since on that date alleged above, no Summons had been issued, nevertheless willingly, wantonly and intentionally allowed a procedural error to take root, ripen into a default, and default judgment leading to the loss of the plaintiff's home. A simple review of the proof of service in concert with the date of issuance of the Summons would have alerted any competent, thoughtful, intelligent and properly trained judge, clerk of the court, and attorneys for DB to see no jurisdiction was obtained.

80. In considering the probable defense of judicial immunity for administrative acts should be eschewed, inapplicable and disallowed since the court allowed knowingly a fraudulent series of orders from its own intentional blunders sufficient to deny the usual immunities accorded judicial activity. In substance, the court committed an actionable tort upon the plaintiff by allowing a wrongful foreclosure to develop and be perfected all without jurisdiction over the plaintiff or his property. Attorneys Siu and Czalicki and their firm P&A knew or should have known and intentionally prosecuted the matter to judgment and sale violating plaintiff's rights.

81. But for the joint and several acts of all defendants as stated above, this loss would not have occurred.

82. Plaintiff alleges that he either was not afforded his rights to be noticed of this action, but was denied due process under the 5th Amendment to the U.S. Constitution made applicable to the individual states by application of the 14th Amendment of same.

83. Plaintiff further alleges that any privileges or immunities claimed by attorneys, their hired employees or independent contractors including those mentioned, supra, are justifiably waived, and inapplicable in the face of willing, knowing, intentional bad conduct and any litigation privilege similarly is unavailable prohibiting actions against all involved defendants named in this action.

84. Said joint conduct is alleged to be within the holdings of the cited cases of *Sanke, McClure* and the *Restatement of Torts 2d,* fns 7, 8, *supra.* Here the liability for civil wrongs should be held as similar to those criminal wrongs committed by otherwise immune individuals or those claiming privileges that for evidence of willful state of mind allow, foster, endorse or instigate a crime against another for which there is no legal justification available. [8]

---

[8]The Supreme Court held in *Stump v. Sparkman* that judges have absolute immunity from Section 1983 damage actions for their "judicial" acts./5/ The Court permitted liability only for acts taken **"in the clear absence of all jurisdiction."**/6/*Stump v. Sparkman*, 435 U.S. 349 (1978).*
*subfn 6. *Stump*, 435 U.S. at 357. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *see also* *Bradley v. Fisher*, 80 U.S. 335, 341 (1 Wall 1871).

85. The judicial acts that are not accorded judicial immunity are clear where a court acts without any jurisdiction over a party to a matter, plaintiff alleges. [9] This is clear since the court never obtained jurisdiction over the plaintiff but acted as though it had. The later desperate judicial activity of plaintiff's later counsel was insufficient to vest jurisdiction *ab initio* over the plaintiff.

86. The chain of conspiratorial events by recitation is as follow given the facts plaintiff presents:

First against DB who fueled the foreclosure, then DB's hired attorneys, then the hired process server company and individual server, then the court clerk, the general court and judge presiding over the matter. The players all know there was no legal jurisdiction over plaintiff yet **remained silent** in the face of treating the matter as "business as usual." The criteria for liability is seen in the acts of a judicial officer acting absent any power conferred by the state to make rulings affecting one not under that court's power; the lack of power, vis., jurisdiction, or purported jurisdiction under a ruse, imposes no binding ability for this state court, hence no judgment awarded under such circumstances. The idea that a Summons must be issued and served which was absent here, belies the court's power to act, but the complete refusal to acknowledge the error of the process, is wanton and intentional conduct, failing to even minimally examine the court's own file, places the bench officers and their agents outside the specter of  immunity, plaintiff alleges.

### SIXTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983

### [Against all defendants]

---

[9] All circuits interpret *Stump* and *Bradley* to require a clear absence of subject matter jurisdiction in order to lose immunity.  The *Stump* standard is, therefore, difficult, but not impossible to meet. In one case, for example, a judge whose subject matter jurisdiction to issue arrest warrants was limited to crimes committed within his judicial district lost judicial immunity when he signed an arrest warrant based on a complaint of criminal conduct **which he knew** occurred outside his territorial jurisdiction.*/23/* Not only did he exceed his jurisdiction, but also he acted in the **complete absence** of... **jurisdiction**.*/24/* **subfns 23,24;
23. *Maestri v. Jutkofsky*, 860 F.2d 50, 52-53 (2d Cir. 1988).24. *Id.* at 53.

87. Plaintiff repeats all previous allegations as though fully stated against the defendants identified and Does 1-100, inclusively.

88. Plaintiff alleges a violation of his right to have, hold, own and posses property which he alleges was *deprived* illegally under federal law , vis., 42 U.S.C. § 1983, commonly referred to as "section 1983" provides:

> *Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at Law, Suit in equity, or other proper proceeding for redress... .*

89. Plaintiff alleges that by reason of the **use of Illinois law enforcement, sheriffs and like public agents and the like to enforce a Judgment for foreclosure by executing and enforcing the writ of execution** with its associated sale of a parcel as a collection or enforcement proceeding authorized by the state is included under the concept of "state law." Plaintiff alleges this is a **state action** governed by the 14th Amendment to the U.S. Constitution.[10]DB nor state had not established jurisdiction over the property taken thus inter alia, the enforcement was wrongful. Such state action has been addressed favorably to plaintiff's interest by the U.S. Supreme Court. [11]

---

[10]The participation of state officers in executing the levy sufficiently distinguished this case from *Flagg Brothers.* The Court of Appeals stated the issue as follows:

[W]hether the mere institution by a private litigant of presumptively valid state judicial proceedings, without any prior or subsequent collusion or concerted action by that litigant with the state officials who then proceed with adjudicative, administrative, or executive enforcement of the proceedings, constitutes action under color of state law within contemplation of § 1983. Citing Lugar v. Edmondson Oil Co., Inc. 457 U.S. 922, 934, see 639 F.2d at 1061-1062 (footnote omitted).

[11]**Lugar v. Edmondson Oil Co., Inc.** 457 U.S. 922, If a defendant debtor in state court debt collection proceedings can successfully challenge, on federal due process grounds, the plaintiff creditor's resort to the procedures authorized by a state statute, it is difficult to understand why that same behavior by the state court plaintiff should not provide a cause of action under § 1983. If the creditor plaintiff violates the debtor-defendant's due process rights by seizing his property in accordance with statutory procedures, there is little or no reason to deny to the latter a cause of action under the federal statute, § 1983, designed to provide judicial redress for just such constitutional violations.

90. Plaintiff alleges that joint efforts of state officials and private persons which violated his rights constitute a state action, here the taking of his real property title and ownership[12] Plaintiff has alleged the offensive acts, herein above.

91. But for the violations so alleged, plaintiff wound not have lost his property and seeks damages as prayed herein for general, special, punitive damages and attorney's fees and costs specially allowed under the statutory scheme.

## PRAYER FOR RELIEF

In the light of the above mentioned facts and contentions, Plaintiff prayers:

1. General or non-economic damages according to proof;

2. Special or economic damages according to proof;

3. Punitive damages according to proof;

4. Attorney's fees and costs;

5. Statutory damages;

6. Equitable relief by declaratory judgment.

7. For all relief that to the court seems just.

## REQUEST FOR A JURY TRIAL

DATED: December 31, 2013.

CRAIG ISAM RIDDLE

---

[12]The rule in these cases is the same as that articulated in *Adickes v. S. H. Kress & Co.*, *supra*, at 152, in the context of an equal protection deprivation:

"Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents,"quoting *United States v. Price*, 383 U.S. at 794. [*Lugar*, *supra*, at p941]

**VERIFICATION**

I, Craig Isam Riddle, am the plaintiff in the present action. I have read the foregoing complaint in detail and all the sections and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I sincerely believe them to be true and genuine.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed at _Clinton_, Illinois this _31st_ day of December, 2013.

Craig Isam Riddle

Plaintiff