UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CRAIG ISAM RIDDLE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-CV-3019 |
| | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

Plaintiff, Craig Isam Riddle, filed a Complaint (#1) against all Defendants on January 21, 2014. On March 12, 2014, Defendant Judicial Sales Corporation filed a Motion to Dismiss (#18). Plaintiff filed an Objection (#21) on March 24, 2014. Defendant Jennings & Lindsay filed a Motion to Dismiss (#25) on March 24, 2014. Plaintiff filed an Objection (#32) to their motion on April 3, 2014. On March 24, 2014, Defendant Pierce and Associates filed a Motion to Dismiss (#27). Plaintiff filed an Objection (#33) on April 7, 2014. Defendant Deutsche Bank National Trust Company (Deutsche) filed a Motion to Dismiss (#39) on May 9, 2014. Plaintiff's Response (#41) was filed on May 19, 2014. On June 30, 2014, Plaintiff filed a Motion for Entry of Default (#44). After careful consideration, this court finds that Defendants' Motions to Dismiss (#18, #25, #27, #39) should be GRANTED. Plaintiff's Motion for Entry of Default (#44) is moot.

BACKGROUND

Plaintiff and Madelyn Riddle obtained a mortgage for a residential property in April of 2005. In November of 2008, the mortgage went into default and a foreclosure case was filed in

the Circuit Court of DeWitt County, Illinois. The Circuit Court entered a Judgment of Foreclosure on June 14, 2009, and an Order Approving Sale was entered on March 12, 2010. On December 16, 2010, Plaintiff filed a Motion to Vacate, arguing that: (1) Deutsche lacked standing to foreclose; (2) the foreclosure sale occurred fraudulently; (3) Plaintiff should have been reviewed for a HAMP loan modification; and (4) the state court lacked jurisdiction. The Circuit Court of DeWitt County denied Plaintiff's Motion to Vacate. Reconsideration of the motion was also denied by the court. Thereafter, Plaintiff filed a notice of appeal with the Illinois Appellate Court, Fourth District. The Illinois Appellate Court affirmed the Circuit Court's ruling on November 19, 2012. In doing so, the court noted that the Circuit Court had jurisdiction and the foreclosure was appropriate.

Plaintiff filed a Complaint (#1) with this court on January 21, 2014. The complaint alleged six causes of action relating to the foreclosure approved by the Illinois Circuit Court and Appellate Court: (1) wrongful foreclosure; (2) declaratory relief; (3) infliction of emotional distress; (4) professional negligence causing loss of single family home; (5) conspiracy to commit unlawful foreclosure; and (6) a violation of 42 U.S.C. §1983. Plaintiff's complaint noted that "[t]he gravamen of this suit is not merely that Plaintiff had his home foreclosed upon illegally . . . but that the entire state court judicial proceeding was conducted by illegal circumstances[.]"

Defendants Judicial Sales Corporation, Jennings & Lindsay, Pierce and Associates, and Deutsche filed Motions to Dismiss (#18, #25, #27, #39). Each of the motions argued, among other things, that Plaintiff was attempting to use this court to challenge a state court judgment. As such, Defendants argued that the claims were precluded by the *Rooker-Feldman* doctrine.

Defendants' Motions to Dismiss are fully briefed and ready to be ruled on.

ANALYSIS

A party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. *U.S. v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). A federal district court does not have jurisdiction to review appeals from state court judgments, unless Congress has authorized such collateral review. See *Crestview Vill. Apts. v. United States Dept. of Hous. & Urban Dev.*, 383 F.3d 552, 555-56 (7th Cir. 2004). In civil cases, only the United States Supreme Court may review the judgment of a state court. *Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, 569 F.3d 667, 670 (7th Cir. 2009). This principal is known as the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

"Simply put, the *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments ... [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed'l Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). Not only does the *Rooker-Feldman* doctrine preclude direct review of state court rulings, it also "bars claims that are inextricably interwined' with a state-court judgment, 'such that success in federal court would require overturning the state court decision.'" *Cosey v. Ameriquest Mortg.*, 2011 WL 5828191, *2 (N.D.Ill. 2011) quoting *Epps v. Creditnet, Inc.*, 320 F 3d 756, 759 (7th Cir. 2003). While any definition of "inextricably interwined" is problematic, the crucial point is whether "the district court is in essence being

called upon to review the state-court decision." *Feldman*, 460 U.S. at 483-84 n. 16.

Here, prior to the filing of this case, the Illinois Circuit Court and Appellate Court had already determined that a judgment of foreclosure was appropriate. Further, the Illinois Appellate Court specifically found that the Circuit Court had jurisdiction over Plaintiff. Therefore, any issues directly related to the foreclosure or to the state court's jurisdiction cannot be raised in this court pursuant to the *Rooker-Feldman* doctrine. Also, as noted above, any issues "inextricably interwined" with jurisdiction or the ability to foreclose are barred.

After a careful and thorough review of Plaintiff's complaint, as well as his arguments contained in his pleadings, it is evident that all of the issues Plaintiff raises are either directly related to the state court's Judgment of Foreclosure or to the state court's jurisdiction, or are claims that are "inextricably interwined" with those issues. As such, all of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. See *Sheikhani v. Wells Fargo Bank*, 526 Fed. Appx. 705, 706-07 (7th Cir. 2013); *Taylor*, 374 F.3d at 533; *Crawford v. Countywide Home Loans, Inc.*, 647 F.3d 642, 645-47 (7th Cir. 2011); *Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993).

Having found that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, this court must conclude that it does not have jurisdiction and the case must be dismissed. See *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007) (once a court determines that jurisdiction is lacking, it can proceed no further and must dismiss the case on that account). Therefore, Defendants' Motions to Dismiss (#18, #25, #27, #39) are GRANTED.

IT IS THEREFORE ORDERED THAT:

4

(1) Defendants' Motions to Dismiss (#18, #25, #27, #39) are GRANTED.

(2) Plaintiff's Motion for Entry of Default (#44) is moot.

(3) This case is terminated.

  ENTERED this14th day of August, 2014

     s/Colin S. Bruce
    _____
     COLIN S. BRUCE
     U.S. DISTRICT JUDGE